**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

Bernadette Vaz Nata          :
                             :
v.                           :        Civil No. 3:02cv1183 (JBA)
                             :
AFL-CIO, et al.              :

**Endorsement Order [Doc. # 10]**

Plaintiff pro se Bernadette Vaz Nata filed this motion for leave to appeal [Doc. # 10] on September 1, 2005.  She filed the underlying complaint on July 10, 2002 [Doc. # 3], which was dismissed sua sponte on August 23, 2002 [Doc. # 6].  Judgment entered August 27, 2002 [Doc. # 27], and the plaintiff's motion for reconsideration was denied on October 16, 2002 [Doc. # 9].

Under the Federal Rules of Appellate Procedure, a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."  Fed. R. App. P. 4(a)(1).

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
>
> (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
>
> (C) the court finds no party would be prejudiced.

Id. at 4(a)(6).

"Rule 4(a)(6) provides the exclusive means for extending appeal time for failure to learn that judgment has been entered. Once the 180-day period has expired, a district court cannot rely on the onetime practice of vacating the judgment and reentering the same judgment in order to create a new appeal period." 16(A) Wright & Miller, Federal Practice and Procedure, § 3950.6 (3d ed. 1998 & Supp. 2005).

In this case, plaintiff's motion for leave to appeal was filed more than three years after entry of judgment, and the motion does not suggest that plaintiff failed to receive timely notice of the judgment.  Therefore plaintiff does not meet the criteria to file an appeal out of time under Fed. R. App. P. 4(a)(6), and plaintiff's motion is **DENIED.**

IT IS SO ORDERED.

/s/

_____
JANET BOND ARTERTON, U.S.D.J.

**Dated at New Haven, Connecticut, this 3rd day of October, 2005.**